**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDREW E. JOHNSON, JR., <br><br> Plaintiff, <br><br> v. <br><br> EJSP ADMINISTRATOR ROBERT CHETIRKIN, et al., <br><br> Defendants. | Civil Action No. 22-2094 (MAS) (LHG) <br><br> **OPINION** |

**SHIPP, District Judge**

      This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff Andrew E. Johnson, Jr.'s civil complaint (ECF No. 1) and *in forma pauperis* application (ECF No. 1-1) in this prisoner civil rights matter. Having reviewed the application, this Court finds that leave to proceed without prepayment of fees is authorized, and Plaintiff's application is therefore granted. As Plaintiff will be granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed in its entirety.

**I.    BACKGROUND**

      Plaintiff is a convicted prisoner who is confined to New Jersey State Prison. (ECF No. 1 at 3-5.) In March 2021, while working in a prison cookhouse, another inmate threw boiling cooking oil onto Plaintiff, causing him to suffer considerable burns and to be taken to St. Barnabas hospital. (*Id.* at 5-6.) While hospitalized, doctors recommended that Plaintiff not wear handcuffs,

but the officers who oversaw his custody, who apparently fell under the umbrella of East Jersey State Prison, refused and required Plaintiff to be handcuffed. (*Id.* at 6.) Plaintiff's recovery was apparently slowed by the cuffs, and he now has significant scars. (*Id.*) Plaintiff therefore seeks to raise civil rights claims against the administrators of New Jersey State Prison and East Jersey State Prison based on the alleged failure of prison staff to protect Plaintiff from attack and interference with his recovery in the form of handcuffs during his hospital recovery. (*Id.*)

## II.   **LEGAL STANDARD**

Because Plaintiff shall be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it

2

provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.   DISCUSSION

In his current complaint, Plaintiff seeks to raise claims against Defendants, the administrators of New Jersey and East Jersey State Prisons, under § 1983 premised on the failure of Defendants' subordinates to protect Plaintiff and Defendants' subordinates' interference with Plaintiff's recovery in the form of requiring him to wear handcuffs while in the hospital. In order to plead a plausible claim for relief under § 1983, a plaintiff must plead facts which, if proven, would show that the named defendants had personal involvement in the alleged wrongs. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). A supervisor or employer may not be held vicariously liable for the actions of his subordinates. *See, e.g., Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015). Where the allegations are targeted at supervisory officials, a plaintiff seeking to show personal involvement must normally plead facts indicating that the supervisor knew of and acquiesced in the alleged wrong, was directly involved in the wrong, or put into place a policy, custom, or practice which caused the constitutional violation alleged. *Id.*;

3

*Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). A formally enacted policy, practice, or custom must therefore be the "moving force" behind the alleged constitutional violation to hold the municipality or corporate contractor liable. *City of Canton v. Harris*, 489 U.S. 378, 389 (1989); *see also Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 35-36 (2010).

In his complaint, Plaintiff fails to plead any facts indicating that Defendants, both prison administrators, were in any way personally involved in the alleged wrongs he suffered. Instead, he seeks to hold them responsible for the alleged failures of their subordinates, which amounts to no more than an improper vicarious liability claim. Because Plaintiff has identified no policy, practice, or custom put into place by the two named Defendants which led to his injuries, and because Plaintiff has not otherwise pled facts indicating either Defendant was personally involved in the alleged wrongs, his claims against Defendants are deficient and must be dismissed without prejudice at this time.

## IV.   CONCLUSION

For the reasons expressed above, Plaintiff's *in forma pauperis* application (ECF No. 1-1) is **GRANTED**, and his complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** in its entirety. Plaintiff is granted leave to file an amended complaint in this matter within thirty (30) days. An order consistent with this Opinion will be entered.

*/s/ Michael A. Shipp*
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE